**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOUNG WON LEE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALPINE SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Civil Action No. 25-16041 (SDW) (JBC)<br><br>**OPINION**<br><br>October 19, 2026 |

**WIGENTON**, District Judge.

Before this Court is Defendants Alpine School District, Melissa Heidelberg, and Krista Grinkin's (collectively, "Defendants") Motion to Dismiss, (D.E. 14 ("Motion")),[1] Plaintiffs Joung Won Lee and Youngeun Kim's[2] Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts

[1] Citations to "D.E." refer to docket entries in the Court's Electronic Case Filing System for this matter and any internal citations contained therein, unless otherwise indicated.

[2] Plaintiffs Joung Won Lee and Youngeun Kim (collectively, "Plaintiffs") bring the instant lawsuit on behalf of their minor son, S.L. (D.E. 1 ("Compl.") ¶¶ 1, 5.)

On May 22, 2024, S.L., then a nine-year-old, was a third-grade student at Alpine Elementary School playing during lunch recess. (Compl. ¶¶ 12–13.) S.L. ran from where he was sitting on a bench to the shaded area under the slide on the playground, "saw something pink above him through the perforated grate" and "momentarily poked it," only to "immediately emerge from under the slide to see what he had touched." (*Id.* ¶¶ 13, 14, 19, 20.) "Upon realizing that female students were standing above him, he promptly left the area." (*Id.* ¶ 20.) This all happened within a twenty-second span, as captured by CCTV footage. (*Id.* ¶¶ 15, 16, 20.)

According to Plaintiffs, S.L. was accused of "poking a female student in the buttocks and singing an inappropriate song about her" later that day. (*Id.* ¶ 21.) The school appointed Defendant Grinkin, its Harassment, Intimidation, and Bullying ("HIB") specialist, to conduct an HIB investigation. (Compl. ¶¶ 7, 27.) Plaintiffs allege the resulting HIB report "contained multiple inaccuracies, including misidentifying S.L.—a Korean-American child—as 'white.'" (*Id.* ¶ 32.) Plaintiffs allege "Defendants simultaneously accused S.L. of engaging in a so-called 'Korean sexual practice'" known as "DDong Chim." (*Id.* ¶¶ 33, 37–38.) Plaintiffs claim Defendants racialized and sexualized S.L.'s conduct "through an unfounded cultural stereotype," and challenge the way Defendants handled the investigation. (Compl. ¶¶ 2–3.)

**B. Procedural History**

Plaintiffs initiated this lawsuit on September 27, 2025. (D.E. 1.) They assert the following claims against Defendants: substantive and procedural due process violations, pursuant to 42 U.S.C. § 1983 (Count I); an equal protection violation, pursuant to § 1983 (Count II); violation of the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-1 *et seq.* (Count IV); violation of the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-2 *et seq.* (Count V); defamation (Count VI); and negligent infliction of emotional distress (Count VII). (Compl. at 9–13,17–23.) Plaintiffs

also assert a *Monell*[3] claim pursuant to § 1983 solely against Defendant Alpine School District (Count III). (*Id.* at 13–17.)

Defendants now move to dismiss Plaintiffs' Complaint. (D.E. 14.) The parties timely completed briefing. (D.E. 21, 24.)

## II. <u>LEGAL STANDARD</u>

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). The analysis involves a two-step approach. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). First, the court parses between the factual and legal elements of a claim, treating "all of the complaint's well-pleaded facts as true," but disregarding any legal conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, the court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

A complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a plaintiff pleads factual content that enables the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility. *Connelly v. Lane*

---

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

*Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III. DISCUSSION

A group pleading "is a complaint that 'fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Foulke v. Twp. of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024) (quoting *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023)). Mere "conclusory allegations against [d]efendants as a group" which "fail[] to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When several defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* [d]efendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

Plaintiffs' Complaint is dismissed for failure to comply with Rule 8(a) and engaging in group pleading. The Complaint is pleaded very broadly and fails to establish how each Defendant was involved in the alleged constitutional and statutory violations. For example, under Count I the Complaint alleges "Defendants" "acted under color of state law," "deprived S.L. of his rights

under the Fourteenth Amendment," and "compounded this cultural defamation by falsely identifying S.L. as 'white' in the HIB report," all without distinguishing which defendant did what. This failure to distinguish which Defendants engaged in what wrongful conduct fails to apprise Defendants with "fair notice of what the claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. Thus, Counts I, II, IV, V, VI, and VII are dismissed.

In the same vein, although pleaded solely against Defendant Alpine School District, Count III also fails to state a claim upon which relief can be granted. To prevail on a *Monell* claim, a plaintiff must first establish that a municipality had a policy or custom that deprived the plaintiff of his or her constitutional rights. *McTernan v. City of New York*, 564 F.3d 636, 657 (3d Cir. 2009). A plaintiff may show the existence of a policy when a decision-maker with final authority issues an official proclamation, policy, or edict. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). Custom may be established by showing that a given course of conduct, "although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* Here, Plaintiffs' Complaint pleads that Defendant Alpine School District "maintained and implemented unconstitutional policies, customs, or practices." (Compl. ¶ 71.) This blanket statement will not do. Further, Plaintiffs fail to plead how such a policy, custom, or practice was carried out, let alone who the decision-maker with final authority that promulgated the discriminatory policy was. It follows that Count III of Plaintiffs' Complaint is dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion is **GRANTED**.[4] Plaintiffs shall have thirty (30) days to amend their complaint. An appropriate order follows.

[4] Given that the complaint is insufficiently pled, this Court declines to address the issues of defamation and qualified immunity at this time.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
James B. Clark, U.S.M.J.